.LOUISVILLE CITY RAILWAY CO. *v.* PRESTON JOHNSON'S ADM'R.

**Damages—Instructions—Negligence.**

It is the duty of a street car company to select only drivers and agents qualified to perform their duties with care and prudence, and it is the duty of such agents to exercise care and diligence to prevent injury to others.

Instructions.

　　　Where a child was injured by being struck by a street car an instruction is erroneous which tells the jury that the defendant is not liable if the driver of the car did not see the child, or could not by ordinary diligence have seen it. The right of recovery cannot be made to depend upon the sole question as to whether the driver saw the party injured or by ordinary diligence could have seen him.

Negligence.

　　　A street car company is not liable for injuring a person attempting to cross its track, even though the driver of the car saw the person or by ordinary vigilance might have done so, unless when seen by the driver the person injured was in a position where a prudent driver ought to have had sufficient cause to believe the car must have run upon him unless checked.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

October 15, 1875.

Opinion by Judge Pryor:

The motion for a new trial was left undetermined by the court below when the former judgment was rendered, and upon the return of the cause that court was directed to enter a judgment for the appellees, unless in the opinion of the court a new trial should be granted. The grounds or reasons for a new trial were set forth in writing, and the motion made in proper time.

All the instructions asked for by both appellant and appellee were refused, and instructions given in lieu thereof by the court, to which exceptions were taken by both parties. The second instruction reads, "Ordinary negligence is the want of such diligence and care as a prudent person would, in such a situation and under the surrounding circumstances, have observed to prevent accident to others."

This instruction, we think, is not liable to objection. The cars owned by the appellant are running constantly over the streets of a large city; and when persons at each crossing are constantly passing, it is made the duty of the appellants engaged in this business to select drivers and agents with reference to their competency and the nature of the employment, and none but careful and prudent men should be chosen to drive or manage its teams in carrying passengers; and this duty arises not only from the necessity of securing the safety and comfort of passengers, but to protect the citizen, whose right to be upon the street is unquestioned, from the danger

of being injured by reckless or careless drivers. Nor does such an instruction make the appellant an insurer of the lives of those, whose own negligence causes the injury. The meaning of the instruction is that appellant's agent must exercise the same care and diligence that a careful and competent driver would have exercised under the circumstances.

Instruction No. 6 says to the jury that if they believe from the testimony that Preston Johnson was not hurt by the street car, or if hurt by the street car, he caused the hurt by his own negligence in running under the mules or car, and the driver did not see him, or could not by ordinary diligence have seen him, the verdict should be for the defendant. This instruction was erroneous. The right of recovery is made to depend upon the question as to whether the driver saw the party injured, or by ordinary diligence could have seen him, and the natural or legitimate inference must necessarily be that if the driver saw the boy, or could have seen him, he was responsible.

The seventh instruction tells the jury that "If the boy attempted to cross the street in front of the car, and the driver was attending strictly to his duty and did not see him, such negligence on the part of Johnson exonerated the appellant from liability." There was no testimony in the case that the driver saw the unfortunate boy prior to the accident, or that the latter was in such a position with reference to the driver that he could have been seen by him. The weight of the testimony indicated that if the injury was done by the car, it was by one of the hind wheels. Only one witness speaks of his being struck by the front wheel. This witness also states that the boy was making an effort to cross the street, and was not touched by the mules, but first struck by this front wheel. Although the appellant may have seen him, or by the exercise of ordinary vigilance could have seen him, still the company is not liable unless when seen by the driver Johnson was in a position where a prudent driver ought to have had sufficient cause to believe the car must run upon him unless checked. If the boy attempted to cross the street directly in front of the car, he placed his own life in peril, and the company is not responsible, unless by the exercise of such care as a prudent driver would have exercised under the circumstances, that accident could have been avoided. And in determining this question the jury must necessarily look to the position of both the injured party and the driver at the time the accident occurred.

The answer in this case also puts in issue the right of the appellee

33

to maintain the action.   It is denied that she is the administratrix of
Preston Johnson.    The letters of administration were not filed
with the petition, nor until after the answer was made.   It does not
appear that these letters were offered in evidence.   The judgment
of the court below is *reversed* and cause remanded, with directions
to award the appellant a new trial, and for further proceedings con-
sistent with this opinion.

*Mundy & Parson, for appellant.   R. H. Blain, for appellee.*